PORTAGE PLASTICS COMPANY, Inc.,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 66–C–61.

United States District Court,
W. D. Wisconsin.

Feb. 22, 1971.

James Urdan, Milwaukee, Wis., for plaintiff.

Johnnie M. Walters, Asst. Atty. Gen., Harold J. Heltzer, Atty., David A. Wilson, Jr., Atty., Tax Division, Washington, D. C., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Several issues were raised by the pleadings herein, but by stipulation and order the following issue was severed for separate trial: whether plaintiff qualified as a small business corporation within the meaning of Section 1371(a) of the Internal Revenue Code so as to be eligible to elect under Section 1372 (a) of the Internal Revenue Code not to be subject to corporate income taxes for its fiscal years ended May 31, 1961, May 31, 1962, and May 31, 1963. Trial of this issue was had to the court. At the close of the plaintiff's case, defendant moved to dismiss pursuant to Rule 41(b), Federal Rules of Civil Procedure. The court reserved a ruling. The trial of the issue was completed.

Findings and conclusions and an order were entered denying defendant's motion to dismiss, and ordering that judgment be entered for plaintiff on its claims for a refund of the amounts paid as income taxes for its fiscal years 1961, 1962, and 1963, together with interest assessed and paid thereon, and statutory interest. 301 F.Supp. 684. (This judgment has not

yet been entered.) This decision embodied the conclusions of law that certain advances which had been made to the plaintiff by Elizabeth G. Berst and Sara Garnett constituted contributions of capital to plaintiff rather than loans, but that the instruments given by the plaintiff to Elizabeth G. Berst and Sara Garnett "did not constitute a class of stock within the meaning of Section 1371(a) (4)."

Plaintiff thereupon expressed the view that no further issues remained with respect to its income tax liability for fiscal 1961, 1962, and 1963; that judgment should be entered as ordered, with respect to each of those three years; and that efforts should be made by the parties to settle any issues with respect to plaintiff corporation's tax liability for its fiscal year 1960 (fiscal 1960 was also covered by the pleadings in this action).

However, defendant shortly filed a motion for partial summary judgment. The judgment sought is that plaintiff was not entitled to Subchapter S treatment for fiscal 1961, 1962, and 1963 because Sara Garnett and Elizabeth Berst had not consented to the election of such treatment. The government relies upon the provision of Section 1372 of the Code that an election of Subchapter S treatment shall be valid only if all persons who are shareholders consent to such election; the government contends that by virtue of this court's earlier findings and conclusions, Sara Garnett and Elizabeth Berst are "shareholders," within the meaning of Section 1372. Plaintiff opposes this motion for partial summary judgment, on three grounds: (1) that following the trial of the severed issue, the government may not by a motion for summary judgment supported by an affidavit, attempt to supplement the trial record; (2) that a stipulation of facts previously entered herein forecloses the motion; and (3) that the consent of Sara Garnett and Elizabeth Berst to the Subchapter S election was not required.

The first and second bases of defendant's opposition to the motion are interrelated. As stated above, the issue severed for separate trial was whether plaintiff qualified as a small business corporation within the meaning of Section 1371(a), so as to be eligible to elect under Section 1372(a) not to be subject to corporate income taxes. However, it was conceded that plaintiff did not have more than 10 shareholders, that plaintiff did not have as a shareholder a person who was not an individual, and that plaintiff did not have a nonresident alien as a shareholder. Therefore, the single issue severed for trial was whether the plaintiff did "not * * * have more than one class of stock."

Counsel for the parties entered into a stipulation which recited most of the relevant facts and which included the following paragraph:

"13. The issue as to whether the plaintiff had more than one class of stock so as to fail to qualify as a small business corporation under Section 1371(a) (4) of the Internal Revenue Code depends upon the characterization of certain documents, as hereinafter described, issued by the corporation to Elizabeth G. Berst and Sara Garnett. It is the contention of the defendant that such documents constitute a 'class of stock' within the meaning of Section 1371(a) (4) of the Internal Revenue Code. If such contention is sustained the plaintiff concedes that it is not a 'small business corporation' within the meaning of Section 1371(a) and that its purported election under Section 1372, as described in paragraph 12 hereinabove, is ineffective for its fiscal years 1961 through 1963. It is the contention of the plaintiff that such documents do not constitute a 'class of stock' within the meaning of Section 1371(a) (4) of the Internal Revenue Code. If such contention of the plaintiff is sustained, it is conceded by the defendant that the election by the plaintiff under Section 1372 as described in paragraph 12 hereinabove was otherwise valid and effective for the plaintiff's fiscal years 1961 through 1963 and that the plaintiff was a 'small business corpo-

ration' subject to Section 1372(b) of the Internal Revenue Code for such fiscal years."

The present dispute centers initially upon what it is that this court decided following the severed trial. Plaintiff contends that I decided that the instruments issued to Elizabeth Berst and Sara Garnett did not constitute a "class of stock," within the meaning of Section 1371(a). Defendant contends that I decided that these instruments did constitute a "class of stock," within the meaning of Section 1371(a), but that I also decided that they did not constitute a *second* class of stock, for purposes of Section 1371(a).

This dispute is readily resolved. In my earlier opinion, I commented: "It does not appear to be disputed that if the advances are held to be a class of stock within the meaning of Section 1371 (a) (4), the class is different from the class of authorized common stock." Since plaintiff concededly had "one class of stock" (that is, authorized common stock), and since I definitely decided that it did not "have more than one class of stock," it is inescapable that I also decided that the instruments issued to Elizabeth Berst and Sara Garnett did not constitute a "class of stock," within the meaning of Section 1371(a) (4).

By the express terms of the stipulation, if plaintiff's contention that the disputed instruments did not constitute a class of stock within the meaning of Section 1371(a) (4) were sustained, defendant conceded that the plaintiff's election of Subchapter S treatment was otherwise valid and effective for fiscal 1961, 1962, and 1963.

I find and conclude that the government is bound by this stipulation, and that it may not now raise the issue whether plaintiff's election of Subchapter S treatment for 1961, 1962, and 1963, was "otherwise valid and effective." By reason of this finding and conclusion, I also find and conclude that it is immaterial whether the government's present motion be treated as it is labeled, that is, as a motion for partial summary judgment, or treated, as the government suggests it may be, as a motion for reconsideration.

I consider that the binding effect of the stipulation is a sufficient basis, standing alone, for the order which I will enter hereinafter today.

However, as a separate and independent basis for the order to be entered hereinafter today, I find and conclude that Elizabeth Berst and Sara Garnett were not "shareholders" of the plaintiff within the meaning of Section 1372(a), so as to require their consent to Subchapter S treatment of the plaintiff.

Defendant has cited no statutory or regulatory provision suggesting that the word "shareholder," as used in Section 1372(a), means anything other than its usual meaning, that is, a holder of a share or shares of stock. I find and conclude that in Section 1372(a), "shareholder" means a holder of a share or shares of stock.

I have previously held that the instruments held by Elizabeth Berst and Sara Garnett were not shares of stock, within the meaning of Section 1371(a) (4). The question now presented is whether, nevertheless, these instruments should be held to have been shares of stock within the meaning of Section 1372(a), so as to require that the holders of these instruments consent to the corporation's election of Subchapter S treatment.

The reason for my earlier holding that the disputed instruments were not stock within the meaning of Section 1371(a) (4) was that such a construction of the word "stock" would not serve the two broad purposes of Subchapter S in general: namely, first, the purpose of making the Subchapter S provisions available to small corporations which are essentially comparable to partnerships and proprietorships; and, second, the purpose of avoiding the administrative complexities which might arise in the allocation of earnings or losses among several classes of stock.

Obviously neither of the said purposes is relevant to whether Section 1372(a) should be construed so as to require that Elizabeth Berst and Sara Garnett consent to the corporation's election of Subchapter S treatment. I should have supposed that if persons holding instruments such as those held by Elizabeth Berst and Sara Garnett are persons who have a vital financial stake in the corporation's election of Subchapter S status, then it might be argued that Congress intended, and that a court should hold, that these instruments are shares for the purpose of Section 1372(a), although not stock for the purpose of Section 1371(a) (4). On the other hand, if the corporation's election of Subchapter S status does not vitally affect the financial stake of holders of such instruments, there seems to be no reason to depart from the normal conclusion that an instrument which is not "stock" under Section 1371(a) (4) is not a "share" under Section 1372(a).

Neither party has addressed itself to this latter question. In view of my earlier decision in this case, it seems reasonable that the burden of persuasion on the point rests with the government. Since the government has not assumed this burden, the court might well drop the matter there. However, I have made an independent effort to determine how, in the light of my earlier ruling, the interests of Elizabeth Berst and Sara Garnett might have been affected by the corporation's election of Subchapter S treatment. I think it fair to say that the principal question facing a stockholder who must decide whether to consent is the question whether the corporate earnings are to be held by the corporation or distributed to the stockholders; certain advantages or disadvantages may flow from the answer to this question, depending in part upon the stockholder's level of taxable individual income. No such considerations are involved here. The corporation was obliged to, and did, distribute each year to Elizabeth Berst and to Sara Garnett, respectively, five per cent of its net profits before taxes. I conclude that the holder of such an instrument is not so vitally affected by the corporation's election of Subchapter S treatment as to require that the instrument be construed as a "share" for purposes of Section 1372(a).

One further matter deserves comment. In the course of the contention since the entry of my earlier decision, counsel for the plaintiff has urged that it was unnecessary to that decision to determine whether the advances by Elizabeth Berst and Sara Garnett constituted loans or contributions to capital, and that my conclusion that they constituted contributions to capital, with the underlying discussion, should not be withdrawn. I do not agree that this discussion and conclusion should be withdrawn. Whether I have decided these questions correctly or incorrectly, the nature of my decisions should not be obscured. I consider that in my earlier decision, I decided that the advances did not constitute loans, that they constituted contributions to capital, but that the instruments provided in exchange for the advances were not stock, within the meaning of Section 1371(a) (4). I consider that I am deciding today that the advances did not constitute loans, that they constituted contributions to capital, but that the holders of the instruments provided in exchange for the advances were not shareholders, within the meaning of Section 1372(a).

## ORDER

Upon the basis of the entire record herein, it is hereby ordered that judgment be entered for the plaintiff on its claims for a refund of the amounts paid as income taxes for its fiscal years 1961, 1962, and 1963, together with interest assessed and paid thereon and statutory interest. The court recognizes that this order for judgment does not dispose of all of the issues raised by the pleadings herein.

It is further ordered that no costs are awarded with respect to the defendant's motion for partial summary judgment.